UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| BEVERLY LAWRENCE, individually, and on behalf of all others similarly situated, | Civil Action No. |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | Jury Trial Demanded |
| ALLIEDBARTON SECURITY SERVICES LLC, UNIVERSAL PROTECTION SERVICE, LLC and UNIVERSAL SECURITY SERVICES LLC, | |
| Defendants. | |

_____

Plaintiff, on behalf of herself and all others similarly situated, by her attorneys, Slater Slater Schulman LLP, complaining of Defendants, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

1. Plaintiff worked for Defendants as a supervisor and security guard at Defendants' security business commonly known as "Allied Universal", in Manhattan, New York, from in or around 2005 through February 28, 2017.

2. Plaintiff brings this action on behalf of herself and a class of similarly situated current and former employees to seek redress against Defendants for Defendants' failure to pay Plaintiff and Defendants' workers overtime wages and a failure to provide proper statements with each payment of wages and annual wage notices in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

1

3. Defendants are security service providers that provide security personnel to businesses throughout the State of New York. Plaintiff worked at Defendants' office in Manhattan and was assigned throughout her employment to provide security services to Con Edison.

4. Throughout her employment, Plaintiff worked on average sixty-four (64) hours per week and was paid $12.50 per hour. Irrespective of the number of hours she worked, Plaintiff was paid at her regular hourly rate and was not paid one and one half times her regular hourly rate for her hours worked in excess of forty (40) hours per week.

## PARTIES

5. Plaintiff was and still is a resident of the County of Bronx, State of New York.

6. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law § 160 *et seq.* ("NYLL").

7. Defendant AlliedBarton Security Services LLC was and still is a foreign limited liability corporation organized and existing by virtue of the laws of the State of Delaware.

8. Defendant AlliedBarton Security Services LLC was and still is transacting business within the State of New York.

9. Defendant AlliedBarton Security Services LLC was and still is operating and/or doing business as "Allied Universal".

10. Defendant Universal Protection Service, LLC was and still is a foreign limited liability corporation organized and existing by virtue of the laws of the State of Delaware.

11. Defendant Universal Protection Service, LLC was and still is transacting business within the State of New York.

12. Defendant Universal Protection Service, LLC was and still is operating and/or doing business as "Allied Universal".

13. Defendant Universal Security Services, LLC was and still is a foreign limited liability corporation organized and existing by virtue of the laws of the State of Delaware.

14. Defendant Universal Security Services, LLC was and still is transacting business within the State of New York.

15. Defendant Universal Security Services, LLC was and still is operating and/or doing business as "Allied Universal".

16. Defendants are covered employers within the meaning of the FLSA and the NYLL, and at all relevant times employed the Plaintiff.

## JURISDICTION AND VENUE

17. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that this is an action arising under the FLSA.

18. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367 in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

19. Venue is proper in this judicial district under 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and the Defendants conduct a substantial amount of business within this judicial district.

## PLAINTIFF'S FACTUAL ALLEGATIONS

20. Defendants are security service providers that provide security guards, janitors and other personnel for businesses nationwide.

21. Defendants have been in operation for over fifty years and employ thousands of workers.

22. At all relevant times, Defendants own, operate and/or maintain a place of business at the premises located at 229 West 36th Street, New York, New York 10018.

23. Plaintiff worked for Defendants at the aforesaid address as a security supervisor from in or around 2005 through January 2014, and as a security guard from in or around February 2014 through February 28, 2017.

24. During the period she worked as a security supervisor, Plaintiff was assigned by Defendants to provide security services for Con Edison at Con Edison's premises located at 4 Irving Plaza, New York, New York 10003.

25. As a security supervisor, Plaintiff's duties included, without limitation, supervising and assigning posts for six security guards, training guards and working at a security desk answering calls and complaints.

26. During the period she worked as a security supervisor, Plaintiff worked 6:00 a.m. to 2:00 p.m., Monday through Friday. Further, approximately three days per week, Plaintiff was required to work an additional shift from 2:00 p.m. to 10:00 p.m., for an approximate total of sixty-four (64) hours per week.

27. During the period she worked as a security supervisor, Plaintiff was assigned by Defendants to provide security services for Con Edison at Con Edison's premises located at 750 East 16th Street, New York, New York 10009.

28. As a security guard, Plaintiff's duties included, without limitation, checking in vehicles at the parking lot entrance, issuing parking passes, issuing parking passes and inspecting vehicles and checking identification.

29. During the period she worked as a security officer, Plaintiff worked 11:00 p.m. to 7:00 a.m., Monday through Friday. Additionally, approximately three days per week, Plaintiff was

required to work an additional shift from 7:00 a.m. to 3:00 p.m., for an approximate total of sixty-four (64) hours per week.

30. Throughout her employment, Plaintiff was paid $12.50 per hour.

31. Irrespective of the number of hours she worked, Plaintiff was paid her regular hourly rate and was not paid one and one half times her regular hourly rate for hours worked in excess of forty (40) hours per week.

32. At all relevant times, Defendants maintained control, oversight and authority over Plaintiff in the terms and conditions of Plaintiff's employment, Plaintiff's work schedule and payment of wages, and was therefore Plaintiff's employer as defined under the FLSA and NYLL.

33. The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

34. Plaintiff was entitled to be paid at least one and one-half times her respective regular rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR § 142-2.2.

35. Throughout her employment, Plaintiff worked in excess of forty (40) hours per workweek, and was therefore entitled to receive overtime wages.

36. At no time during her employment was Plaintiff paid one and one-half times her regular hourly work rate for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

37. At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay, the basis of the rate of pay, the dates covered by the payment, the name, address and phone number of the employer, and itemized allowances and deductions.

38.     At all relevant times, Plaintiff was entitled to Wage Theft Prevention Act notifications.

39.     At no time during her employment was Plaintiff provided with proper wage statements and WTPA notifications.

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff brings this action on behalf of herself and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

41.     Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

42.     Plaintiff brings the FLSA claims on behalf of herself and others similarly situated, namely employees of Defendants who worked as security guards from the period of June 23, 2014 to the date of final judgment in this matter, who were not paid their full overtime wages for hours worked in excess of forty (40) hours per week, and who do not opt into this action (hereinafter referred to as the "Allied Collective").

43.     Upon information and belief, the Allied Collective consists of more than two thousand (2,000) similarly situated individuals who have not been paid their full overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

44.     Defendants have failed to pay all overtime wages owed to employees other than those in the Allied Collective, and Plaintiff reserves the right to broaden the definition of the collective group and/or add subgroups to this claim as additional members are discovered.

45.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

46.     Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

47.     Plaintiff brings this case a representative of a class of all other persons similarly situated.

48.     Plaintiff seeks the certification of a class of all persons who, during the relevant time period of June 23, 2011 to the date of final judgment in this matter, have been employed by Defendants as security guards; were not paid overtime wages for hours worked in excess of forty (40) hours per week; and were not provided wage payment statements (hereinafter referred to as the "Allied Class").

49.     Upon information and belief, the Allied Class includes over two thousand (2,000) similarly situated individuals who have not been paid overtime wages, have not received wage payment statements, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

50.     The Allied Class is so numerous as to make it impracticable to join all members of the class as plaintiffs.

51.     There are questions of law and fact common to all members of the Allied Class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

52. Common questions of law and fact include, but are not limited to, the following:

   A. Whether Defendants have consistently failed to pay Plaintiff and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

   B. Whether Defendants have, in failing to make required payments to Plaintiff and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation;

   C. Whether Defendants have consistently failed to provide wage payment statements as required by the NYLL; and

   D. Whether Defendants have consistently failed to provide WTPA notifications as required by the NYLL;

53. Plaintiff's wage and hour claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of all class members and of Defendants' anticipated affirmative defenses thereto.

54. Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiff is similarly situated with, and have suffered similar injuries as, the members of the class she seeks to represent.

55. Plaintiff has retained counsel capable of handling class action suits. Neither Plaintiff nor her counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

56. Class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay

practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

57.  Class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLASS AND COLLECTIVE-WIDE FACTUAL ALLEGATIONS

58.  Plaintiff and members of the Allied Class and Allied Collective (collectively "Allied Group") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and NYLL by denying them, including without limitation, their full wages and wage statements.

59.  As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the Allied Group by engaging in a pattern, practice and/or policy of violating the FLSA and NYLL.

60.  Defendants have substantially benefitted and profited from the work that Plaintiff and the Allied Group have performed.

61.  Defendants failed to keep adequate records of the hours worked by the Plaintiff and the Allied Group.

62.  Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

63.  Defendants' conduct, policies, and practices are ongoing and continuing.

64.  Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and have caused significant damages to the Plaintiff and the Allied Group.

## AS AND FOR THE FIRST CAUSE OF ACTION
*(Overtime under the FLSA)*

65. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

66. At all relevant times, Plaintiff and the Allied Collective were employees of the Defendants within the meaning of 29 U.S.C. § 203(e) and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

67. As the Defendants shared control of the services of the Plaintiff, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

68. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

69. At all relevant times, Defendants' annual volume of business exceeds $500,000.00 and thus subjects Defendant to the requirements of the FLSA.

70. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

71. Defendants expected Plaintiff and the Allied Collective to work more than forty (40) hours a week, and Plaintiff and the Allied Collective regularly worked more than forty (40) hours a week throughout their employment.

72. At no time have the Defendants paid Plaintiff and the Allied Collective a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

73. Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Allied Collective for overtime at a rate of one and one half times their hourly rate of pay for

all of the hours they worked in excess of forty (40) hours a week.

74. As a result of Defendants' violations of the law and failure to pay Plaintiff and the Allied Collective required overtime wages, Plaintiff and the Allied Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

75. As Defendants did not have a good faith basis to believe that its failure to pay overtime wages to Plaintiff and the Allied Collective was in compliance with the law, Plaintiff and the Allied Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## **AS AND FOR THE SECOND CAUSE OF ACTION**
*(Overtime under the NYLL)*

76. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

77. At all relevant times, Plaintiff and the Allied Class were employees and Defendants were their employers within the meaning of NYLL §§ 190, 651 and 652.

78. At all relevant times, Defendant was subject to the overtime wage requirements set forth in Article 19 of the NYLL.

79. Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

80. Defendants expected Plaintiff and the Allied Class to work more than forty (40) hours a week, and Plaintiff and the Allied Class regularly worked more than forty (40) hours a week throughout their employment.

81. At no time have the Defendants paid Plaintiff and the Allied Class a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

82. Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Allied Class for overtime at a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

83. As a result of Defendants' violations of the law and failure to pay Plaintiff and the Allied Class required overtime wages, Plaintiff and the Allied Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

84. As Defendants did not have a good faith basis to believe that its failure to pay overtime wages to Plaintiff and the Allied Class was in compliance with the law, Plaintiff and the Allied Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Wage Payment Statements under the NYLL)*

85. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

86. At all relevant times, Defendants failed to provide Plaintiff and the Allied Class with the proper statements with every payment of wages, as required by NYLL § 195(1).

87. As Defendants failed to provide Plaintiff and the Allied Class with proper statements with every payment of wages as required by NYLL § 195(1), Plaintiff and the Allied Class are entitled to liquidated damages in the amount of $50.00 per day for every work week in

which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Wage Theft Prevention Act Notifications under the NYLL)*

88. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

89. Defendants were obligated to provide Plaintiff and the Allied Class with Wage Theft Prevention Act notifications of pay rates annually from 2012 through 2014.

90. At all relevant times, Defendants failed to provide Plaintiff and the Allied Class with Wage Theft Prevention Act notifications, as required by NYLL § 195.

91. As Defendants failed to provide Plaintiff and the Allied Class with proper Wage Theft Prevention Act Notices annually from 2012 through 2014 as required by NYLL § 195, Plaintiff and the Allied Class are entitled to liquidated damages in the amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorney fees and costs.

**WHEREFORE**, Plaintiff, on her own behalf and on behalf of all others similarly situated, seeks the following relief:

A. On the First Cause of Action for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action for failing to provide Wage Theft Prevention Act Notices in an amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorney fees and costs.

E. Interest;

F. Costs and disbursements; and

G. Such other and further relief as is just and proper.

Dated: Melville, New York
June 27, 2017

                                            Respectfully submitted,
                                            SLATER SLATER SCHULMAN LLP

                                            By: /s/
                                            Matthew Madzelan, Esq.
                                            Attorneys for Plaintiff
                                            445 Broad Hollow Road, Suite 334
                                            Melville, New York 11747
                                            (631) 420-9300
                                            Mmadzelan@sssfirm.com