## GENERAL RELEASE AND SETTLEMENT AGREEMENT

This General Release and Settlement Agreement ("Agreement") is made and entered into by and between Beverly Lawrence ("Lawrence") and AlliedBarton Security Services LLC and Universal Protection Service, LLC d/b/a Allied Universal Security Services (hereinafter collectively referred to as "Allied Universal").

I

For and in consideration of the execution and non-revocation of this Agreement by Lawrence, Allied Universal agrees to provide Lawrence with certain valuable consideration, the sufficiency and receipt of which is hereby acknowledged, including providing Lawrence the gross sum of $6,500.00, in exchange for the Release described in Paragraph II and other consideration set forth below, which will be payable as follows: (a) a check made payable to Slater Slater Schulman LLP in the gross amount of $2,631.34 to be allocated as attorneys' fees and costs, and treated as 1099 income; (b) a check made payable to Lawrence, in the amount of $2,166.68, and treated as 1099 income; and (c) a check payable to Lawrence in the gross amount of $2,166.68 minus any applicable federal, state and/or local tax withholdings, as payment for alleged unpaid wages and resulting damages. At the time of execution of this Agreement, both Lawrence and Slater Slater Schulman LLP will complete and execute W-9 Forms (revised Dec. 2014) to be returned with this Agreement. The documents referenced in the preceding sentence shall be sent to: Elizabeth Bulat Turner, Martenson, Hasbrouck & Simon LLP, 3379 Peachtree Road, Suite 400, Atlanta, Georgia 30326, bturner@martensonlaw.com. These benefits are provided in settlement of all of Lawrence's claims against Allied Universal and/or all of its affiliated companies, employees, representatives, and clients, including the claims brought in the lawsuit *Beverly Lawrence, individually, and on behalf of all others*

*similarly situated, v. AlliedBarton Security Services LLC, Universal Protection Service, LLC, and Universal Security Services LLC,* Civil Action No. 1:17-cv-04834, currently pending in the Southern District of New York, United States District Court (the "Lawsuit").

Delivery of the aforementioned settlement checks shall be made to Lawrence's attorney, Matthew Madzelan, Esq., 445 Broad Hollow Road, Suite 334, Melville, New York 11747, within ten (10) business days following the execution and Court approval of this Agreement, as well as receipt of original W-9 Forms completed and executed by Lawrence and Slater Slater Schulman LLP. In no event will the aforementioned settlement checks be paid prior to the expiration of the revocation period described below in Paragraph XII or before Court approval of this Agreement.

II

For and in consideration of the agreements and commitments set forth above, the receipt and sufficiency of which are hereby acknowledged, Lawrence does hereby knowingly and voluntarily release and forever discharge, both jointly and severally, Allied Universal, its divisions, subsidiaries and affiliates, and its officers, directors, employees (current and former), shareholders, attorneys, insurers, servants and agents, together with their successors and assigns (hereinafter collectively referred to as the "Releasees") from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demands whatsoever, in law or in equity (hereinafter collectively referred to as "claims"), whether known or unknown, which Lawrence ever had, now has, or may or might in the future have against the Releasees, arising out of events, acts or omissions occurring at any time before the moment Lawrence signs this Agreement, including, but not limited to: (i) those claims arising out of or in any way connected with the Lawsuit; (ii) those claims arising under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.,* the Older Workers' Benefit Protection Act of

2

_BL_ BL Initials

1990, 29 U.S.C. § 626(f), *et seq.*; (iii) those claims arising under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et. seq.*, the New York Rights of Persons with Disabilities Law, N.Y. Civ. Rights §§ 47 *et seq.*, as amended and/or the New York Law on Discrimination Against Persons with Genetic Disorders, N.Y. Civ. Rights §§ 48 *et seq.*; (iv) those claims arising under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*; (v) those claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended and/or any other applicable state fair employment practices statute and/or any ordinance promulgated by any county, municipality, or other state subdivision including, but not limited to, New York's Civil Rights Law, New York's Human Rights Law, N.Y. Exec. Law §§ 290 et seq. and/or New York City's Human Rights Law, N.Y. City Code § 8-107; (vi) those claims arising under the Equal Pay Act of 1963, 29 U.S.C. §§ 206, *et seq.* and/or the New York Wage Payment and Equal Pay Laws, N.Y. Labor Law §§ 190, *et seq.*, as amended; (vii) those claims arising under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*, including, but not limited to, salary, severance pay and accrued time, and any other benefits; (viii) those claims arising under the National Labor Relations Act, 29 U.S.C. §§ 151, *et seq.* and any state and local labor laws, including, but not limited to, New York State Labor Relations Act, N.Y. Lab. Law § 700 et seq.; (ix) those claims arising under the Fair Labor Standards Act and any other applicable state and local wage and hour statutes including, but not limited to, New York's Hours of Labor Law, N.Y. Lab. Law §§ 160 et seq., New York's Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., N.Y. Lab. Law §§ 191-a through 191-c (sales representative laws) and/or New York Wage Theft Protection Act, N.Y. Lab. Law § 1951; (x) those claims arising under the Worker Adjustment and Retraining Notification Act and/or the New York WARN law, N.Y. Labor Law § 860, *et seq.*; (xi) those claims arising under the Family & Medical Leave

3

BL  BL Initials

Act, New York Miscellaneous Leave Laws, N.Y. Lab. Code §§ 201-c, 202-a, 202-I, 202-j and/or New York City's Earned Sick Time Act; (xii) those claims arising under any federal or state handicap or disability discrimination act, regulation or executive order; (xiii) those claims for retaliatory or wrongful discharge of any kind, including, but not limited to, New York's Workers' Compensation Law § 125 (anti-retaliation); (xiv) those claims for intentional or negligent infliction of emotional distress or outrageous conduct; (xv) those claims for breach of duty, misrepresentation, fraud, negligence, libel, slander, defamation or tortious conduct of any kind; (xvi) those claims for interference with business relationships, contractual relationships, or employment relationships of any kind; (xvii) those claims for breach of duty and/or the implied covenant of good faith and fair dealing; (xviii) those claims for interference with and/or breach of contract (express or implied, in fact or in law, oral or written); (xix) those claims arising under or in reliance upon any statute, regulation or ordinance (local, state, or federal); and (xx) any and all other claims which Lawrence ever had, now has, or may or might in the future have arising by reason of or in any way connected with any employment relationship which exists or may have existed prior to or on the date hereof between Lawrence and Allied Universal, provided, however, that this Agreement does not affect any vested retirement benefit rights or COBRA rights which Lawrence may now have.

III

Lawrence further acknowledges and covenants that, in consideration for the agreements and commitments set forth in Paragraph I hereof, she has knowingly relinquished, waived and forever released any and all claims for damages and remedies which she might personally pursue or which might be pursued in her name, including, without limitation, claims for contract or tort damages of any type, claims for legal or equitable relief under either federal or state

_BL_ BL Initials

statutory and common law, and claims for back pay, reinstatement and recovery of attorneys' fees and/or costs. Lawrence further warrants that as of the time of execution of this Agreement, Lawrence has not assigned or transferred any claims of any nature that she would otherwise have against Releasees. Lawrence further acknowledges that she has received all payments and benefits that she is entitled to receive by virtue of any employment with Allied Universal including, but not limited to, payment for any and all wages, salary, bonuses, overtime compensation, vacation and/or personal days owed to her by Allied Universal up to the moment of her execution of this Agreement.

IV

Lawrence understands that nothing contained in this Agreement limits her ability to file a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission or any other federal, state or local governmental agency or commission (hereinafter referred to as "Government Agencies"). Lawrence further understands that this Agreement does not limit her ability to communicate or share information with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agencies. However, based on the release of claims set forth in Paragraph II of this Agreement, Lawrence acknowledges and agrees that she is releasing all claims and causes of action that she might personally pursue or that might be pursued in her name and, to the extent permitted by applicable law, her right to recover monetary damages or obtain injunctive relief that is personal to her in connection with such claims and causes of action.

BL  BL Initials

Notwithstanding any other provision contained herein, nothing in this Agreement shall be construed as a waiver of any right which, by law, cannot be waived.

V

In connection with the Lawsuit, Lawrence alleged that Allied Universal had not paid her for certain overtime hours that she worked during her employment with Allied Universal. Since filing the Lawsuit, Lawrence has acknowledged that she was in fact paid the full amount of wages and other damages to which she was entitled by law. Lawrence further acknowledges that, if she ever in the future attempts to bring a claim for unpaid wages against Allied Universal arising at or before the execution of this Agreement, such claim would fail and be subject to dismissal because she has already been fully paid for any such wages and resulting damages.

VI

Lawrence further acknowledges and covenants not to sue the Releasees, or to participate or aid in any way in any suit or proceeding or to execute, seek to impose, collect or recover upon, or otherwise enforce or accept any judgment, decision, award, warrant or attachment upon any claim released by her herein. Lawrence also acknowledges and covenants that she understands that, after signing this Agreement, she cannot proceed against any person or party mentioned in it with respect to or on account of any of the matters referred to in it, arising out of events or occurrences which arose at or before the moment she signed this Agreement. Lawrence further agrees that she will take whatever steps are necessary to ensure that this Agreement is approved by the Court and that the Lawsuit is dismissed with prejudice.

VII

Lawrence shall be responsible for the payment of any and all local, state, and/or federal taxes which may be attributable to the payment(s) described above and indemnifies and holds

*BL*  BL Initials

Releasees harmless from any and all tax consequences, including interest and/or penalties, arising out of the payment(s) to her described in Paragraph I above. The parties acknowledge that no representations have been or are made herein by or to any signatory to this Agreement regarding the tax consequences of this Agreement.

VIII

Lawrence agrees and covenants that she will not directly or indirectly, orally or in writing, disparage Allied Universal and/or any of its products, services, employees (current and former), officers, directors, members, representatives, agents and/or attorneys in any way or interfere in any way with their relationships with their customers, employees, family and/or friends. Lawrence further agrees not to solicit or encourage any individual to bring a claim against Releasees. However, nothing herein shall prohibit or restrain Lawrence from providing truthful testimony in response to a subpoena or a court order, or from providing truthful information to Government Agencies.

IX

Lawrence does further covenant that she shall make no disclosure of any kind concerning this Agreement and the sums and benefits paid as consideration hereof to any person, persons or organization other than her spouse or as required by a court of law (*e.g.*, by virtue of a validly issued subpoena), or to her attorney, accountant or tax advisor, and then only to the extent necessary to prepare the federal, state or local tax returns or other documents required by law to be filed. While not limiting the generality of the foregoing, "disclosure" includes a statement, written or oral, to any person, newspaper, magazine, radio, television station or publishing

*BL* BL Initials

company.

X

Lawrence agrees and covenants that she has carefully reviewed, studied and thought over the terms of this Agreement, and that all questions concerning this Agreement have been answered to her satisfaction. Lawrence further represents and agrees that she was advised and encouraged, prior to her execution of this Agreement, to discuss and review all aspects of this Agreement with her private attorney and that she has, to the extent she wished to do so, availed herself of this opportunity.

XI

It is further understood and agreed that this Agreement is entered into voluntarily by both parties, and is not based upon any representations or statements of any kind made by Allied Universal or any of its representatives as to the merits, legal liabilities, or value of any current or potential claims which Lawrence may have. The payments conferred herein are not to be construed as an admission of liability on the part of the persons, companies and entities hereby released, by whom liability is expressly denied. Lawrence also acknowledges that no promise or inducement for this Agreement has been offered or made, except as herein set forth, and this Agreement contains the full terms of this Agreement between Lawrence and Allied Universal.

XII

Lawrence acknowledges that she was given at least twenty-one (21) days to consider this Agreement prior to signing, and that she has seven (7) days after execution to revoke her agreement to its terms. In the event Lawrence decides to waive the twenty-one (21) day time period in which to consider this Agreement and decides to sign this Agreement immediately, she agrees to execute

_BL_ BL Initials

the Waiver attached hereto as Exhibit A.

## XIII

This Agreement shall be binding upon Lawrence, her heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and all other persons asserting claims by, on behalf of, or through Lawrence based or founded upon any of the claims released herein. Lawrence acknowledges that this Agreement is made and entered into in the State of New York and shall, in all respects, be interpreted, enforced and governed under the laws of the State of New York. All terms of this Agreement shall inure to the benefit of the Releasees and their predecessors, successors and assigns.

## XIV

Lawrence covenants that she will indemnify the Releasees for all damages, including attorneys' fees, resulting from Lawrence's breach of any provision of this Agreement, including without limitation the non-disparagement pledge set forth above in Paragraph VIII.

## XV

Should any word, phrase, clause, sentence or paragraph of this Agreement be deemed unenforceable by a competent court of law, the enforceability of the remainder of the Agreement shall be unaffected.

## XVI

Lawrence acknowledges and agrees that, should she fail or refuse to execute this Agreement, all obligations of Lawrence and Allied Universal, including the obligation to pay the sums referenced in Paragraph I as set forth herein, shall be entirely null, void and of no effect. Should Allied Universal fail to make required payments under this Agreement, the Agreement shall be null, void and of no effect and Lawrence will be free to resume her claims in litigation.

_BL_ BL Initials

## XVII

This Agreement constitutes the entire agreement between Lawrence and the Releasees pertaining to the subjects contained herein and supersedes any and all prior and/or contemporaneous agreements, representations or understandings, written or oral. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect whatsoever except in writing duly executed by Lawrence and an authorized representative of Allied Universal. This Agreement is intended fully, completely and forever to resolve all disputes based upon events, omissions or acts occurring on or prior to its execution, as well as all other issues or claims in any way arising out of, or connected with, the employment of Lawrence with Allied Universal.

IN WITNESS WHEREOF, Beverly Lawrence sets her hand and seal this 05 day of October, 2017.

_____
Beverly Lawrence

Sworn to and subscribed before me
this 05 day of October, 2017.

_____
Notary Public [Seal]

10-05-2017
ERIKA RUIZ
Notary Public, State of New York
Registration #01RU6346714
Qualified In Bronx County
Commission Expires Aug. 22, 2020

For and on behalf of Allied Universal

BL   BL Initials

## EXHIBIT "A"

## WAIVER OF TWENTY-ONE (21) DAY CONSIDERATION PERIOD

I, Beverly Lawrence, understand and agree to the following:

1. I have been presented with a General Release and Settlement Agreement ("Agreement") that I have to sign in order to receive the consideration detailed therein.

2. The Agreement provides that I have been given the opportunity to take twenty-one (21) days to consider this Agreement before signing it.

3. I have reviewed the Agreement, and I understand it and am in agreement with its terms.

4. I would prefer to elect to receive the consideration detailed in the Agreement without having to wait the entire twenty-one (21) day consideration period. I understand that even if I decide to waive the twenty-one (21) day consideration period, I still have seven (7) days from the date of my execution of the Agreement within which to revoke the agreement.

5. In order to receive the consideration detailed in the Agreement without having to wait the entire twenty-one (21) day consideration period, I hereby waive my right to take twenty-one (21) days to consider the Agreement before signing it, and instead choose to sign it at the same time as this Waiver.

BY SIGNING MY NAME BELOW, I HEREBY CERTIFY THAT I UNDERSTAND AND AGREE TO THE TERMS OF THIS WAIVER, AND THAT MY DECISION TO SIGN THIS WAIVER WAS ENTIRELY VOLUNTARY.

Dated: 10/5/17, 2017        _Beverly Lawrence_
                            Beverly Lawrence