**RELEASE AND SETTLEMENT AGREEMENT**

This Release and Settlement Agreement ("Agreement") is made and entered into by and between Beverly Lawrence ("Lawrence") and AlliedBarton Security Services LLC and Universal Protection Service, LLC d/b/a Allied Universal Security Services (hereinafter collectively referred to as "Allied Universal").

I

For and in consideration of the execution and non-revocation of this Agreement by Lawrence, Allied Universal agrees to provide Lawrence with certain valuable consideration, the sufficiency and receipt of which is hereby acknowledged, including providing Lawrence the gross sum of $6,500.00, in exchange for the Release described in Paragraph II and other consideration set forth below, which will be payable as follows: (a) a check made payable to Slater Slater Schulman LLP in the gross amount of $2,631.34 to be allocated as attorneys' fees and costs, and treated as 1099 income; (b) a check made payable to Lawrence, in the amount of $2,166.68, and treated as 1099 income; and (c) a check payable to Lawrence in the gross amount of $2,166.68 minus any applicable federal, state and/or local tax withholdings, as payment for alleged unpaid wages and resulting damages. At the time of execution of this Agreement, both Lawrence and Slater Slater Schulman LLP will complete and execute W-9 Forms (revised Dec. 2014) to be returned with this Agreement. The documents referenced in the preceding sentence shall be sent to: Elizabeth Bulat Turner, Martenson, Hasbrouck & Simon LLP, 3379 Peachtree Road, Suite 400, Atlanta, Georgia 30326, bturner@martensonlaw.com. These benefits are provided in settlement of all of Lawrence's claims against Allied Universal and/or all of its affiliated companies, employees, representatives, and clients, including the claims brought in the lawsuit *Beverly Lawrence, individually, and on behalf of all others*

*similarly situated, v. AlliedBarton Security Services LLC, Universal Protection Service, LLC, and Universal Security Services LLC,* Civil Action No. 1:17-cv-04834, currently pending in the Southern District of New York, United States District Court (the "Lawsuit").

Delivery of the aforementioned settlement checks shall be made to Lawrence's attorney, Matthew Madzelan, Esq., 445 Broad Hollow Road, Suite 334, Melville, New York 11747, within ten (10) business days following the execution and Court approval of this Agreement, as well as receipt of original W-9 Forms completed and executed by Lawrence and Slater Slater Schulman LLP. In no event will the aforementioned settlement checks be paid prior to the expiration of the revocation period described below in Paragraph XI or before Court approval of this Agreement.

II

For and in consideration of the agreements and commitments set forth above, the receipt and sufficiency of which are hereby acknowledged, Lawrence does hereby knowingly and voluntarily release and forever discharge, both jointly and severally, Allied Universal, its divisions, subsidiaries and affiliates, and its officers, directors, employees (current and former), shareholders, attorneys, insurers, servants and agents, together with their successors and assigns (hereinafter collectively referred to as the "Releasees") from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demands whatsoever, in law or in equity (hereinafter collectively referred to as "claims"), arising out of the facts and claims asserted in the Lawsuit.

III

Lawrence further acknowledges and covenants that, in consideration for the agreements and commitments set forth in Paragraph I hereof, she has knowingly relinquished, waived and forever released any and all claims for damages and remedies which she might personally

2

_____ BL Initials

pursue or which might be pursued in her name, including, without limitation, claims for contract or tort damages of any type, claims for legal or equitable relief under either federal or state statutory and common law, and claims for back pay, reinstatement and recovery of attorneys' fees and/or costs. Lawrence further warrants that as of the time of execution of this Agreement, Lawrence has not assigned or transferred any claims of any nature that she would otherwise have against Releasees. Lawrence further acknowledges that she has received all payments and benefits that she is entitled to receive by virtue of any employment with Allied Universal including, but not limited to, payment for any and all wages, salary, bonuses, overtime compensation, vacation and/or personal days owed to her by Allied Universal up to the moment of her execution of this Agreement.

IV

Lawrence understands that nothing contained in this Agreement limits her ability to file a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission or any other federal, state or local governmental agency or commission (hereinafter referred to as "Government Agencies"). Lawrence further understands that this Agreement does not limit her ability to communicate or share information with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agencies. However, based on the release of claims set forth in Paragraph II of this Agreement, Lawrence acknowledges and agrees that she is releasing all claims and causes of action that she might personally pursue or that might be pursued in her name and, to the extent permitted by applicable law, her right to recover monetary damages or obtain injunctive relief that is personal to her in connection with such claims and causes of action.

_____ BL Initials

Notwithstanding any other provision contained herein, nothing in this Agreement shall be construed as a waiver of any right which, by law, cannot be waived.

V

In connection with the Lawsuit, Lawrence alleged that Allied Universal had not paid her for certain overtime hours that she worked during her employment with Allied Universal. Since filing the Lawsuit, Lawrence has acknowledged that she was in fact paid the full amount of wages and other damages to which she was entitled by law. Lawrence further acknowledges that, if she ever in the future attempts to bring a claim for unpaid wages against Allied Universal arising at or before the execution of this Agreement, such claim would fail and be subject to dismissal because she has already been fully paid for any such wages and resulting damages.

VI

Lawrence further acknowledges and covenants not to sue the Releasees, or to participate or aid in any way in any suit or proceeding or to execute, seek to impose, collect or recover upon, or otherwise enforce or accept any judgment, decision, award, warrant or attachment upon any claim released by her herein. Lawrence also acknowledges and covenants that she understands that, after signing this Agreement, she cannot proceed against any person or party mentioned in it with respect to or on account of any of the matters referred to in it, arising out of events or occurrences which arose at or before the moment she signed this Agreement. Lawrence further agrees that she will take whatever steps are necessary to ensure that this Agreement is approved by the Court and that the Lawsuit is dismissed with prejudice.

VII

Lawrence agrees and covenants that she will not directly or indirectly, orally or in writing, disparage Allied Universal and/or any of its products, services, employees (current and

4

_____ BL Initials

former), officers, directors, members, representatives, agents and/or attorneys in any way or interfere in any way with their relationships with their customers, employees, family and/or friends. Lawrence further agrees not to solicit or encourage any individual to bring a claim against Releasees. However, nothing herein shall prohibit or restrain Lawrence from providing truthful testimony in response to a subpoena or a court order, or from providing truthful information to Government Agencies.

VIII

Lawrence does further covenant that she shall make no disclosure of any kind concerning this Agreement and the sums and benefits paid as consideration hereof to any person, persons or organization other than her spouse or as required by a court of law (*e.g.*, by virtue of a validly issued subpoena), or to her attorney, accountant or tax advisor, and then only to the extent necessary to prepare the federal, state or local tax returns or other documents required by law to be filed. While not limiting the generality of the foregoing, "disclosure" includes a statement, written or oral, to any person, newspaper, magazine, radio, television station or publishing company.

IX

Lawrence agrees and covenants that she has carefully reviewed, studied and thought over the terms of this Agreement, and that all questions concerning this Agreement have been answered to her satisfaction. Lawrence further represents and agrees that she was advised and encouraged, prior to her execution of this Agreement, to discuss and review all aspects of this Agreement with her private attorney and that she has, to the extent she wished to do so, availed herself of this opportunity.

_____ BL Initials

X

It is further understood and agreed that this Agreement is entered into voluntarily by both parties, and is not based upon any representations or statements of any kind made by Allied Universal or any of its representatives as to the merits, legal liabilities, or value of any current or potential claims which Lawrence may have. The payments conferred herein are not to be construed as an admission of liability on the part of the persons, companies and entities hereby released, by whom liability is expressly denied. Lawrence also acknowledges that no promise or inducement for this Agreement has been offered or made, except as herein set forth, and this Agreement contains the full terms of this Agreement between Lawrence and Allied Universal.

XI

Lawrence acknowledges that she was given at least twenty-one (21) days to consider this Agreement prior to signing, and that she has seven (7) days after execution to revoke her agreement to its terms. In the event Lawrence decides to waive the twenty-one (21) day time period in which to consider this Agreement and decides to sign this Agreement immediately, she agrees to execute the Waiver attached hereto as Exhibit A.

XII

This Agreement shall be binding upon Lawrence, her heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and all other persons asserting claims by, on behalf of, or through Lawrence based or founded upon any of the claims released herein. Lawrence acknowledges that this Agreement is made and entered into in the State of New York and shall, in all respects, be interpreted, enforced and governed under the laws of the State of New York. All terms of this Agreement shall inure to the benefit of the Releasees and their predecessors, successors and assigns.

_____ BL Initials

XIII

Lawrence covenants that she will indemnify the Releasees for all damages, including attorneys' fees, resulting from Lawrence's breach of any provision of this Agreement, including without limitation the non-disparagement pledge set forth above in Paragraph VII.

XIV

Should any word, phrase, clause, sentence or paragraph of this Agreement be deemed unenforceable by a competent court of law, the enforceability of the remainder of the Agreement shall be unaffected.

XV

Lawrence acknowledges and agrees that, should she fail or refuse to execute this Agreement, all obligations of Lawrence and Allied Universal, including the obligation to pay the sums referenced in Paragraph I as set forth herein, shall be entirely null, void and of no effect. Should Allied Universal fail to make required payments under this Agreement, the Agreement shall be null, void and of no effect and Lawrence will be free to resume her claims in litigation.

XVI

This Agreement constitutes the entire agreement between Lawrence and the Releasees pertaining to the subjects contained herein and supersedes any and all prior and/or contemporaneous agreements, representations or understandings, written or oral. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect whatsoever except in writing duly executed by Lawrence and an authorized representative of Allied Universal. This Agreement is intended fully, completely and forever to resolve all disputes based upon events, omissions or acts occurring on or prior to its execution, as well as all other issues or claims in any way arising out of, or connected with, the employment of

_____ BL Initials

Lawrence with Allied Universal.

IN WITNESS WHEREOF, Beverly Lawrence sets her hand and seal this ___ day of _____, 2017.


_____
Beverly Lawrence


Sworn to and subscribed before me
this ___ day of _____, 2017.
_____
Notary Public [Seal]



_____  _____
For and on behalf of Allied Universal

_____ BL Initials

## EXHIBIT "A"

## WAIVER OF TWENTY-ONE (21) DAY CONSIDERATION PERIOD

I, Beverly Lawrence, understand and agree to the following:

1. I have been presented with a Release and Settlement Agreement ("Agreement") that I have to sign in order to receive the consideration detailed therein.

2. The Agreement provides that I have been given the opportunity to take twenty-one (21) days to consider this Agreement before signing it.

3. I have reviewed the Agreement, and I understand it and am in agreement with its terms.

4. I would prefer to elect to receive the consideration detailed in the Agreement without having to wait the entire twenty-one (21) day consideration period. I understand that even if I decide to waive the twenty-one (21) day consideration period, I still have seven (7) days from the date of my execution of the Agreement within which to revoke the agreement.

5. In order to receive the consideration detailed in the Agreement without having to wait the entire twenty-one (21) day consideration period, I hereby waive my right to take twenty-one (21) days to consider the Agreement before signing it, and instead choose to sign it at the same time as this Waiver.

BY SIGNING MY NAME BELOW, I HEREBY CERTIFY THAT I UNDERSTAND AND AGREE TO THE TERMS OF THIS WAIVER, AND THAT MY DECISION TO SIGN THIS WAIVER WAS ENTIRELY VOLUNTARY.

Dated: _____, 2017      _____
                                  Beverly Lawrence